UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81606-CIV-MARRA

RYAN COWELL, as assignee
of HBA International,

Plaintiff,

vs.

ALIBI, LTD et al.,
Defendants

RYAN BLACK, derivatively as a member
of and on behalf of PALM HOUSE, LLC,

Intervening Plaintiff.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendant Alibi, Ltd.'s Motion for Order to Show Cause Why Arrest Should Not Be Vacated (DE 60); Proposed Intervenor Plaintiff Palm House Hotel, LLLP's Motion to Intervene (DE 79) and Defendants' Motion for Extension of Time to Respond to Motion to Intervene (DE 83). On July 22, 2016, the Court held an evidentiary hearing. The Court has carefully considered the evidence, the arguments of counsel and the briefs of the parties, and is otherwise fully advised in the premises.

I. Background

The instant lawsuit was initiated by Plaintiff Ryan Cowell ("Cowell"), who asserted he was the assignee of HBA International's right, title and interest to a maritime lien for necessaries provided to M/Y Alibi ("the Vessel"). Cowell's claims were dismissed pursuant to a settlement

---

[1] The Court presumes familiarity with its prior Orders.

agreement. (DE 56.)  On December 17, 2015, Ryan Black, derivatively as a member of and on behalf of Palm House, LLC ("Black"), filed an intervening complaint against the Vessel, Alibi Ltd. ("Alibi"), and the individuals Robert and Maria Matthews (collectively, "Defendants"). (DE 27.)  Alibi moved to strike the Intervening Complaint for failure to obtain leave and the lack of authority to bring a derivative action.  At a hearing on December 18, 2015, Black and Alibi stipulated that the funds from the private sale of the Vessel would be deposited in the Court's registry pending further Order from the Court.  On February 25, 2016, the Court denied the motion to strike, noting that the intervenor complaint established admiralty jurisdiction on its face by alleging claims of petition, partition and betterment.  (DE 58.)

On July 22, 2016, the Court held an evidentiary hearing on Alibi's motion for order to show cause.  The purpose of the hearing was for the Court to determine whether admiralty jurisdiction exists which would allow the Court to continue to detain the funds held in the registry of the Court pursuant to Supplemental Admiralty and Maritime Claims Rule E(4)(f).[2]  For purposes of the hearing, Alibi agreed that the Court could assume that the Vessel was purchased with misappropriated funds from Palm House and that Black owns one percent of Palm House.  Furthermore, Alibi agreed that the Court could assume, for purposes of the hearing, that money wrongfully taken from Palm House was used to pay for work that was done on the Vessel.

---

[2] Supplemental Admiralty and Maritime Claims Rule E(4)(f) provides in pertinent part:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Supplemental Admiralty and Maritime Claims Rule E(4)(f).

Based upon these concessions, the issue presented is whether admiralty jurisdiction exists under Supplemental Admiralty and Maritime Rule D[3] for a claim by an aggrieved party, whose funds have been misappropriated, against a vessel that was purchased with the misappropriated funds by the wrongdoer, and where title to the vessel is vested in the wrongdoer. After careful consideration, the Court concludes that admiralty jurisdiction does not exist.

II. Legal Standard

"[A]dmiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession." Gallagher v. Unenrolled Motor Vessel River Queen, 475 F.2d 117, 119 (5th Cir. 1973).[4] "A petitory suit is defined as one seeking to try title to a vessel independently of possession" and, under Rule D, "requires [the] plaintiff to assert legal title to the vessel." Silver v. Sloop Silver Cloud, 259 F. Supp. 187, 191 (S.D.N.Y 1966). Admiralty courts have no general equity jurisdiction and cannot afford equitable relief in a direct

---

[3] Supplemental Admiralty and Maritime Claims Rule D provides:

In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

Supplemental Admiralty and Maritime Claims Rule D.

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

proceeding for that purpose.  <u>United States v. Cornell Steamboat Co.</u>, 202 U.S. 184, 194 (1906).

### III. Discussion

Black asserts admiralty jurisdiction under the theory that, although he does not possess legal title to the Vessel, he can proceed pursuant to Supplemental Admiralty and Maritime Claims Rule D to recover possession and legal title to the Vessel because money stolen from Palm House was used to purchase the Vessel.  The Court disagrees.

The claim being asserted by Black is one seeking the imposition and enforcement of a constructive trust on the Vessel.  The Restatement (Third) of Restitution and Unjust Enrichment explains a constructive trust in the following way:

> If a defendant is unjustly enriched by the acquisition of title to identifiable property at the expense of the claimant or in violation of the claimant's rights, the defendant may be declared a constructive trustee, for the benefit of the claimant, of the property in question and its traceable product.

Restatement (Third) of Restitution and Unjust Enrichment § 55 (2011).  The Restatement goes on to explain that a constructive trust is the "principal device for vindicating equitable ownership against conflicting legal title."  <u>Id.</u> at comment a.  The Restatement comment goes on to explain that:

> A transaction in which the defendant (i) has been unjustly enriched (ii) by acquiring legal title to specifically identifiable property (iii) at the expense of the claimant or in violation of the claimant's rights is one in which--by the traditional formula--the defendant's title to the property is subject to the claimant's equitable interest.

<u>Id</u>.  In fact, when faced with the allegation of a constructive trust, a court is vested with the power to reassign title (<u>i.e.</u>, transfer ownership) as a means of rectifying unjust enrichment.  <u>Id.</u> at comment b.

The United States Court of Appeals for the Eleventh Circuit has recognized that the facts

of this case constitute a constructive trust and that it is equitable in nature. The Eleventh Circuit has stated: "[a] constructive trust arises from a situation where one party has defrauded another." City Nat'l Bank of Miami v. Gen. Coffee Corp. (In re Gen. Coffee Corp.), 828 F.2d 699, 704 (11th Cir. 1987). More particularly, the Eleventh Circuit adopted approvingly the following quote from A. Scott, The Law of Trusts § 462.5 at 3423:

> [W]here A's money is wrongfully taken by B and is used by B to purchase land, A is entitled to enforce a constructive trust of the land.

City Nat'l Bank of Miami, 828 F.2d at 707. The Court further recognized that, "[a] constructive trust beneficiary . . . possesses an equitable ownership interest in the trust property." Id. at 706. Put simply, "a constructive trust is an equitable remedy." United States v. Ramunno, 599 F.3d 1269, 1273 (11th Cir. 2010); see Restatement § 56 (2011) ("constructive trust and equitable lien are related remedies for unjust enrichment and are both equitable").

The United States Court of Appeals for the Fifth Circuit has addressed the issue of legal versus equitable title in the admiralty context. Gulf Coast Shell and Aggregate LP v. Newlin, 623 F.3d 235 (5th Cir. 2010) In that case, three individuals (Newlin, Beken and Koy) formed a business enterprise for the purpose of dredging oysters off the coast of Mexico and distributing the oysters' shells in the United States. Id. at 237-38. Newlin formed a Mexican corporation ("Grupo") and Koy and Beken formed a limited partnership ("Gulf Coast"). Id. In connection with operating the business, a dredge was purchased. Although Gulf Coast paid the purchase price for the dredge, the parties agreed that title would be held by Grupo. Newlin, however, transferred title to another entity in which he possessed a significant ownership interest. As justification for his actions, Newlin claimed the other partners ceased making payments towards

5

the dredge's restoration.  Id.  Beken then filed a derivative suit on behalf of Gulf Coast against Newlin in personam and against the dredge in rem.  Id.  The Fifth Circuit Court of Appeals held that the district court did not have admiralty jurisdiction over the action, because Gulf Coast lacked a legal claim to title or possession of the dredge.[5]

The Newlin Court rejected the contention that Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims provided a basis for admiralty jurisdiction.  The Court held that Rule D did not apply to the claim of legal title to or possession of the dredge, noting that admiralty jurisdiction cannot be afforded absent "legal title or a legal claim to ownership." Id. at 239 (citing Gallagher, 475 F.2d at 119 (reasoning that the district court had admiralty jurisdiction over the suit because the plaintiffs had legal title to the vessel, and as legal owners, they were divested of their possession of the vessel when the vessel was stolen)).  Because Gulf Coast never had legal title to the dredge, and the purchase agreement was not drafted to vest title in Gulf Coast, Gulf Coast only had an equitable interest and was not the legal owner of the dredge.  Id.  Because Gulf Coast lacked a legal claim to title or possession of the dredge, it could not bring petitory or possessory claims.  Id.

Here, Black never possessed legal title to the Vessel.  His sole basis for possession and title to the Vessel rests in the alleged conversion of funds by Defendants which were used to purchase the Vessel.  Based on that alleged fraud, Black claims an ownership interest in the Vessel and seeks as his remedy the transfer of the funds generated from the sale of the Vessel.  Such a remedy, however, cannot be sought under Rule D because it would result in this Court acting in equity, which it is forbidden to do.  Cornell Steamboat Co., 202 U.S. at 194.

---

[5] The Court also held that the contract and tort claims were not maritime claims.

Black, however, claims that Newlin does not apply because that case concerned a joint venture in which the parties had entered into an agreement regarding transferring title. Nonetheless, the agreement among the parties was not the reason the Newlin court found there was no legal claim to possession. Instead, the critical factor for the Newlin court was that Gulf Coast never possessed actual title or a claim to legal title. Indeed, the agreement of the parties never contemplated vesting title in Gulf Coast. While Gulf Coast had a claim, it was an equitable claim and not a legal claim.

Black also contends Newlin did not involve a maritime claim because maritime claims can not arise from a plaintiff turning title over to another individual, even due to fraud. Instead, title must be taken away from the plaintiff from an extrinsic source.[6] The issue here is not that Black (or Gulf Coast) transferred title through fraud. Instead, the issue is that neither ever possessed legal title.[7] See Stathos v. The Maro, 134 F. Supp. 330, 332 (E.D. Va. 1955) ("The general use of a possessory action seems to be to restore or reinstate possession rather than grant original possession.")

---

[6] Black relies upon The Captain Johnson v. Johnson, 64 F. Supp. 559 (D.N.J.1946) for this proposition. There, the court held there was no admiralty jurisdiction where the plaintiffs alleged they had "inadvertently and by fraud, placed the legal title to the boat in question" in a third party and compared those facts to admiralty cases where some force came into play from a source extrinsic to the title holder to divest him or her of title and possession. Id. at 560.

[7] The Court also rejects the remaining cases relied upon by Black. United States v. One 1997 36 Foot Cigarette Ocean Racer, 624 F. Supp. 290 (S.D. Fla. 1985) and United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27 (8th Cir. 1979) concern civil forfeiture law, not Rule D. Northern Ins. Co. of New York v. 1966 Searay Model 370DA Yacht, 453 F. Supp. 2d 905 (D.S.C. 2006) provides that a bona fide purchaser of a stolen vessel does not obtain better title than the title of its rightful owner. In that case, the rightful owner possessed title and was therefore entitled to bring a Rule D action. Here, Black never possessed legal title to the Vessel.

With respect to the betterment claim,[8] Black alleges Alibi used the misappropriated funds to improve the quality of the Vessel and any increase in value due to the betterments should be for Black's benefit.  However, there are no allegations of Black providing necessaries, nor are there are any allegations that necessaries were provided on the order of the owner.  See Bradford Maine, Inc. v. M/V Sea Falcon, 64 F.3d 585, 588-89 (11th Cir. 1995); see also 46 U.S.C. § 31342 ("a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner has a maritime lien on the vessel").  Thus, the betterment claims fails as well.

For the reasons stated herein, the Court concludes that it lacks admiralty jurisdiction over these claims and there is no basis for the continued detention of the funds held in the registry of the Court.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Order to Show Cause Why Arrest Should Not Be Vacated (DE 60) is **GRANTED**.

2) The parties shall inform the Court as to which Defendant the funds should be released.

3) Based on the Court's lack of admiralty jurisdiction, the Proposed Intervenor's Motion to Intervene (DE 79) is **DENIED**.

4) Defendants' Motion for Extension of Time to Respond to Motion to Intervene (DE 83) is **DENIED AS MOOT**.

---

[8] Supplemental Admiralty and Maritime Claims Rule C provides for an in rem action to enforce any maritime lien. Supplemental Admiralty and Maritime Claims Rule C(1)(a).

5) The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of September, 2016.

_____
KENNETH A. MARRA
United States District Judge